UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cv-00018-MR

| MARK BOGER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| JOSEPH CROSSWHITE, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 8]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 11].

**I.    BACKGROUND**

Pro se Plaintiff Mark Boger ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 5, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, naming the Honorable Joseph Crosswhite, identified as a judge in Iredell County; and Crystal Beale, identified as a prosecutor, as Defendants in this matter in their individual and official capacities. [Doc. 8 at 2, 5]. Plaintiff filed an Amended Complaint on February 23, 2021, which is now before the Court. [Doc. 8]. Plaintiff claims

that Defendants violated his Fourteenth Amendment due process rights. [Id. at 3]. Specifically, Plaintiff alleges that "Prosecutor Beale informed the jury of [his] previous incarceration which violated [his] rights to due process. Judge Crosswhite refuses to answer [his] post[-]conviction motions." [Id. at 5].

For relief, Plaintiff wants his "illegal sentence" to be vacated or for this Court to order Judge Crosswhite to answer Plaintiff's motion to vacate. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly

2

Case 5:21-cv-00018-MR   Document 12   Filed 03/16/21   Page 2 of 6

baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Plaintiff's Amended Complaint fails initial review.

Defendants are immune from suit. The Honorable Joseph Crosswhite is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or

benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). Defendant Beale is also immune from suit under the doctrine of prosecutorial immunity. Imbler, 424 U.S. at 419. As such, Plaintiff's action fails on immunity alone.

Even if Defendants were not immune from suit, Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any

> outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, given the nature of the allegations in the Complaint, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction in the underlying criminal matter. The conviction, however, has not been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint is barred by Heck.

Additionally, the relief Plaintiff seeks here, that is, that his state conviction be vacated or that this Court order Judge Crosswhite to address Plaintiff's pending "motion to vacate" in Plaintiff's state criminal proceedings is unavailable under 42 U.S.C. § 1983 in any event.

The Court, therefore, concludes that Plaintiff's Complaint is frivolous and fails to state a claim against any Defendant. The Court will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is frivolous, and Plaintiff has failed to state a claim upon which relief can be granted against any Defendant.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that this action [Doc. 8] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge