# NITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:21-cv-00018-MR

| | |
|---|---|
| MARK BOGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| JOSEPH CROSSWHITE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration [Doc. 14], which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and a letter by Plaintiff to the undersigned [Doc. 15].

Pro se Plaintiff Mark Boger ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 5, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, naming the Honorable Joseph Crosswhite, identified as a judge in Iredell County; and Crystal Beale, identified as a prosecutor, as Defendants in this matter in their individual and official capacities. [Doc. 8 at 2, 5]. Plaintiff filed an Amended Complaint on February 23, 2021, claiming that Defendants violated his Fourteenth

Amendment due process rights. [Doc. 8 at 3]. Specifically, Plaintiff alleged that "Prosecutor Beale informed the jury of [his] previous incarceration which violated [his] rights to due process. Judge Crosswhite refuses to answer [his] post[-]conviction motions." [Id. at 5]. For relief, Plaintiff asked the Court to vacate his "illegal sentence" or for this Court to order Judge Crosswhite to answer Plaintiff's motion to vacate. [Id.]. The Court dismissed Plaintiff's Amended Complaint on initial review based on judicial and prosecutorial immunity and the bar of Heck v. Humphrey, 512 U.S. 477 (1994). [Doc. 12]. The Court also advised Plaintiff that the relief he seeks – that is, that his state conviction be vacated or that this Court order Judge Crosswhite to address Plaintiff's pending motion to vacate "is unavailable under 42 U.S.C. § 1983 in any event." [Id. at 5].

Plaintiff now moves the Court "to reconsider its Order on the grounds the Court misconstrued Plaintiff's requested relief!!" [Doc. 14 at 1]. Plaintiff states that he needs this Court to "order Judge Crosswhite to stop 'blocking' him from obtaining relief in higher courts by refusing to answer his motion to vacate an illegal sentence filed over 15 months ago and further having all his filings placed 'in a box' in the clerks [sic] office with a[n] order to "forward nothing" to the N.C. Court of Appeals." [Id. at 3 (emphasis in original)].

Regarding motions to alter or amend a judgment under Rule 59(e), the

Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.

See Hill, 277 F.3d at 708. The Court, therefore, denies Plaintiff's motion to reconsider.

Moreover, the Court is without authority here to order Judge Crosswhite to rule on Plaintiff's pending motion to vacate. Plaintiff, however, is not without an avenue for relief. The most obvious avenue for Plaintiff is to seek a Writ of Mandamus from the North Carolina Court of Appeals pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure. Thereafter, Plaintiff may seek relief from his State conviction under 28 U.S.C. § 2254 after exhausting his State court remedies or on showing "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect [his] rights." 28 U.S.C. § 2254 (b)(1).

Also before the Court is Plaintiff's letter to the undersigned in which he asks the Court "to give [him] a face to face with the Judge to state his case." [Doc. 15]. Plaintiff's letter will be stricken. As Plaintiff was expressly directed in the Order of Instructions mailed to him on February 8, 2021, documents Plaintiff files with the Court should not be directed to the Judge assigned to his case. [Doc. 3 at ¶ 5]. Further, Plaintiff was instructed that, "[o]nly documents properly filed with the Clerk of Court will be docketed in this case." [Id. at ¶ 4]. Should the Plaintiff seek relief from the Court, he must

4

Case 5:21-cv-00018-MR   Document 16   Filed 04/21/21   Page 4 of 5

file a proper motion with the Court. [Id. ("Only motions will be ruled on by the Court.")]. Should Plaintiff file documents in this case directed to the undersigned in the future, they may be summarily dismissed and/or stricken.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 14] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's letter [Doc. 15] is hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: April 21, 2021

Martin Reidinger
Chief United States District Judge