# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:21-cv-00018-MR

| | |
|---|---|
| MARK BOGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| JOSEPH CROSSWHITE, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's letters. [Docs. 17, 18].

Pro se Plaintiff Mark Boger ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. On February 5, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, naming the Honorable Joseph Crosswhite, identified as a judge in Iredell County; and Crystal Beale, identified as a prosecutor, as Defendants in this matter in their individual and official capacities. [Doc. 8 at 2, 5]. Plaintiff filed an Amended Complaint on February 23, 2021, claiming that Defendants violated his Fourteenth Amendment due process rights. [Id. at 3]. Specifically, Plaintiff alleged that "Prosecutor Beale informed the jury of [his] previous incarceration which violated [his] rights to due process. Judge Crosswhite refuses to answer

[his] post[-]conviction motions." [Id. at 5]. For relief, Plaintiff asked the Court to vacate his "illegal sentence" or for this Court to order Judge Crosswhite to answer Plaintiff's motion to vacate. [Id.]. The Court dismissed Plaintiff's Amended Complaint on initial review based on judicial and prosecutorial immunity and the bar of Heck v. Humphrey, 512 U.S. 477 (1994). [Doc. 12]. The Court also advised Plaintiff that the relief he seeks – that is, that his state conviction be vacated or that this Court order Judge Crosswhite to address Plaintiff's pending motion to vacate "is unavailable under 42 U.S.C. § 1983 in any event." [Id. at 5].

Plaintiff then moved the Court to reconsider its dismissal of Plaintiff's Complaint [Doc. 14] and filed a letter directed to the undersigned requesting a face-to-face meeting [Doc. 15]. The Court denied Plaintiff's motion to reconsider for the reasons stated in that Order. [Doc. 16]. The Court advised Plaintiff that the "most obvious avenue for Plaintiff is to seek a Writ of Mandamus from the North Carolina Court of Appeals pursuant to Rule 22 of the North Carolina Rules of Appellate Procedure." [Id. at 4]. The Court also advised Plaintiff that he may seek relief from his State conviction under 28 U.C.S. § 2254 after exhausting his State court remedies. [Id.]. The Court also struck Plaintiff's letter as improper and advised Plaintiff that he must file a proper motion should he seek relief from the Court. [Id. at 4-5]. Finally,

2

the Court admonished Plaintiff that should he file documents in this case directed to the undersigned in the future, "they may be summarily dismissed and/or stricken." [Id. at 5].

Plaintiff has filed two more improper documents with the Court [Docs. 17, 18], which the Court addresses here. Plaintiff purports to present facts and evidence that undermine his State court conviction, which he asks the Court to vacate. [Doc. 18 at 5]. These documents will be stricken from the record in this matter as Plaintiff was previously admonished. Moreover, as Plaintiff was previously advised, the Court is without authority to affect the result sought by Plaintiff here.

**Should Plaintiff file improper documents in this case in the future, they will be summarily denied and/or stricken.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's letters [Docs. 17, 18] are hereby **STRICKEN** from the record in this matter.

**IT IS SO ORDERED**.

Signed: May 24, 20

Martin Reidinger
Chief United States District Judge

3